

# Fourth Court of Appeals
## San Antonio, Texas

May 20, 2014

No. 04-14-00181-CR

Michael A. **RIVAS**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 12-04-10954-CR
The Honorable Camile G. Dubose, Judge Presiding

## O R D E R

The clerk's record, which totals three volumes, was filed May 19, 2014. However, the record does not substantially comply with the mandates of the Texas Court of Criminal Appeals regarding preparation of the clerk's record on appeal or the Texas Rules of Appellate Procedure governing the clerk's record. *See Court of Criminal Appeals Order Adopting Amendments to the Texas Rules of Appellate Procedure*, Misc. Docket No. 13-003 (Dec. 13, 2013); TEX. R. APP. P. 34.5.

First, the table of contents or index is insufficiently descriptive to advise this court as to the documents included therein. *See Court of Criminal Appeals Order Adopting Amendments to the Texas Rules of Appellate Procedure*, Misc. Docket No. 13-003 (Dec. 13, 2013), Appendix C. The Court of Criminal Appeals specifically states in its order that the clerk's record must contain "***a detailed table of contents identifying each document in the entire record*. . . .**" This record does not comply with this mandate. For example, the index contains numerous documents that are described simply as "Motion," "Request," "Other Instruments," "Letter," "Notice," "Service," "Documents," or "Order." This is insufficient to identify the documents in the record.

Moreover, the page numbers listed in the index do not seem to correspond to the documents described. For example, the index states that an "Order" appears at Volume 3, page 543 of the record. However, a review of the record establishes that in actuality, a "Motion for New Trial" appears on that page.

Finally, it does not appear that the record contains a judgment or judgments, as it must pursuant to Rule 34.5(a)(5) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 34.5(a)(5). If such documents are, in fact, contained within the three volume record, it is not discernable from the index provided by the clerk.

Accordingly, we **ORDER** the clerk's record stricken. *See* TEX. R. APP. P. 37.2. We **ORDER Cindy Fowler, the Medina County District Clerk,** to prepare a new clerk's record in proper form, file it **no later than May 30, 2014**, and provide it to any party who has previously made a copy of the original, defective clerk's record at the clerk's expense. *See id.*

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of May, 2014.

_____
Keith E. Hottle
Clerk of Court